IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEN MYERS,<br>AFFORDABLE HOME DEV., LLC, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 16 C 5734 |
| CITY OF CHICAGO, DEPT. OF HOUSING, | )<br>)<br>) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Although this action by Ben Myers ("Myers")[1] against the City of Chicago, Dept. of Housing ("City") was filed on June 1, 2016, Myers did not comply with the District Court's LR 5.2(f) by promptly providing a paper copy of his filing to this Court. It therefore learned of the lawsuit's existence only when it received the usual month-end printout of all cases pending on its calendar, at which point it ordered Myers to deliver to its chambers the Judge's Copy of the Complaint together with a fine for noncompliance with the District Court's LR 5.2(f) and this Court's confirmatory website, which emphasizes the LR's requirement.

With Myers now having complied with the Court order by delivering a copy of Complaint and the required check, this sua sponte opinion turns to the highly problematic nature of Myers' filing. Both the form and substance of the Complaint are really unacceptable -- but for the fact that Myers' check was drawn on the account of "Nathan Benjamin Myers, J.D., Attorney-at-Law" and added Attorney Number 55651 to that identification, the filing would have cast serious doubt on Myers' self-identification as an attorney. What is abundantly -- and

---

[1] Myers has also listed Affordable Home Dev., LLC ("Affordable") as a co-plaintiff -- but more on that subject later in this opinion.

regrettably -- clear is that Myers' filing reflects a total unfamiliarity with federal practice and procedure.

It would take a virtual paper lecture to identify all of the problems with the Complaint. Instead this Court simply strikes it (without of course dismissing the action itself, as to which no substantive view is expressed here) and contemporaneously issues its customary initial scheduling order. That procedure will enable Myers to replace the Complaint as promptly as possible with an acceptable work product. To that end he is urged to consult with (or perhaps to affiliate with) some informed federal practitioner who can assist him in putting together a reasonably acceptable Amended Complaint.

That said, Myers' attention is called particularly to one fundamental with which he is obviously unfamiliar: His effort to bring this lawsuit as a class action on behalf of "poor black tenants who are systematically losing their section 8 papers as a result of the City's discriminatory custom and usage" fails because Affordable cannot of course qualify as a "proposed class action representative." Both Myers himself and Affordable will have to include, in any Amended Complaint, a proper identification of provisions of the federal fair housing laws or of the federal Constitution or both to confirm their standing to bring this action.

                                                        Milton I. Shadur
                                                        Senior United States District Judge

Date: July 8, 2016