# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BEN MYERS**, <br> **AFFORDABLE HOME DEV., LLC**, <br><br> Plaintiffs, <br><br> v. <br><br> **CITY OF CHICAGO, DEPT. OF HOUSING**, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 16 C 5734 <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

This Court's July 8, 2016 memorandum opinion and order (the "Opinion," a copy of which is attached to this memorandum order) explains the unacceptability as a federal pleading of the Complaint submitted by Ben Myers ("Myers"), both on his own behalf and on behalf of Affordable Home Dev., LLC ("Affordable") as a co-plaintiff. Because the Opinion was constrained to strike the Complaint, while at the same time this Court contemporaneously issued its customary initial scheduling order, it urged Myers "to consult with (or perhaps to affiliate with) some informed federal practitioner who assist in then putting together a reasonably acceptable Amended Complaint."

Since then Myers has sought, and this Court has granted, a number of extensions of time to comply with the Opinion's directive. And now Myers has tendered what he captions as a "Motion for Time to Add Two Additional Counts on Equal Protection Count One - Breach of Contract Attached" ("Motion"). But this Court declines to grant that Motion, for Myers' proposed submission has demonstrated once again that he is simply not competent to present a federal statement of claim that complies with the Federal Rules of Civil Procedure ("Rules"), let alone his proposal to act as counsel for co-plaintiff Affordable, both individually and as a

putative class action representative. Federal courts are accustomed to extending substantial leeway to nonlawyer pro se litigants (see Haines v. Kerner, 404 U.S. 519 (1972)), but there is no reason to permit any licensed lawyer -- and in this instance that means Myers -- to flout all of the operative rules and pleading standards by tendering a document such as the Amended Complaint at Law that Myers has attached to his Motion as an asserted work in progress.

Myers has described himself in the presently-tendered document as the long-term owner of a residential building that he leases out to Section 8 tenants in accordance with the requirements set by the Federal Department of Housing and Urban Development, so that he would seem to be capable of retaining knowledgeable counsel qualified to assert and advance his claims. Because, as Myers' current Motion reflects, this action is set for a status hearing at 9 a.m. October 4, 2016, that can serve as the occasion for discussing whether, and the manner in which, this action may go forward.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 29, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BEN MYERS, ) | |
| AFFORDABLE HOME DEV., LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16 C 5734 |
| ) | |
| CITY OF CHICAGO, DEPT. OF HOUSING, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Although this action by Ben Myers ("Myers")[1] against the City of Chicago, Dept. of Housing ("City") was filed on June 1, 2016, Myers did not comply with the District Court's LR 5.2(f) by promptly providing a paper copy of his filing to this Court. It therefore learned of the lawsuit's existence only when it received the usual month-end printout of all cases pending on its calendar, at which point it ordered Myers to deliver to its chambers the Judge's Copy of the Complaint together with a fine for noncompliance with the District Court's LR 5.2(f) and this Court's confirmatory website, which emphasizes the LR's requirement.

With Myers now having complied with the Court order by delivering a copy of Complaint and the required check, this sua sponte opinion turns to the highly problematic nature of Myers' filing. Both the form and substance of the Complaint are really unacceptable -- but for the fact that Myers' check was drawn on the account of "Nathan Benjamin Myers, J.D., Attorney-at-Law" and added Attorney Number 55651 to that identification, the filing would have cast serious doubt on Myers' self-identification as an attorney. What is abundantly -- and

---

[1] Myers has also listed Affordable Home Dev., LLC ("Affordable") as a co-plaintiff -- but more on that subject later in this opinion.

Attachment

regrettably -- clear is that Myers' filing reflects a total unfamiliarity with federal practice and procedure.

It would take a virtual paper lecture to identify all of the problems with the Complaint. Instead this Court simply strikes it (without of course dismissing the action itself, as to which no substantive view is expressed here) and contemporaneously issues its customary initial scheduling order. That procedure will enable Myers to replace the Complaint as promptly as possible with an acceptable work product. To that end he is urged to consult with (or perhaps to affiliate with) some informed federal practitioner who can assist him in putting together a reasonably acceptable Amended Complaint.

That said, Myers' attention is called particularly to one fundamental with which he is obviously unfamiliar: His effort to bring this lawsuit as a class action on behalf of "poor black tenants who are systematically losing their section 8 papers as a result of the City's discriminatory custom and usage" fails because Affordable cannot of course qualify as a "proposed class action representative." Both Myers himself and Affordable will have to include, in any Amended Complaint, a proper identification of provisions of the federal fair housing laws or of the federal Constitution or both to confirm their standing to bring this action.

                                                               Milton I. Shadur
                                                               Senior United States District Judge

Date: July 8, 2016